UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES MARTIN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-4850** |
| **UNITED FIRE & INDEMNITY COMPANY** | * | **SECTION L** |

## ORDER & REASONS

Before the Court is Defendant United Fire & Indemnity Company's motion to dismiss the instant case for failure to prosecute. R. Doc. 20. Plaintiff Charles Martin has not responded. Considering the briefing and the applicable law, the Court rules as follows.

### I.  BACKGROUND

This case arises out of alleged damage to Mr. Martin's property as a result of Hurricane Ida. R. Doc. 1 at 3. The law firm McClenny, Moseley & Associates (MMA) filed the present action on behalf of Mr. Martin on December 4, 2022. *Id.* at 10. On March 2, 2023, Chief Judge Brown stayed this matter—along with all other cases filed by MMA pending in this district—due to fraudulent conduct by the firm. R. Doc. 5. Approximately a month later, Mr. Martin's MMA counsel withdrew, leaving him unrepresented. R. Doc. 11. On June 30, 2023, Chief Magistrate Judge Michael North sent a letter to Mr. Martin notifying him of the action and informing him that, to proceed with the lawsuit, he could take one of three actions: (1) hire a new lawyer, (2) represent himself, or (3) dismiss the matter and waive his rights regarding his claim and any other issues therein. R. Doc. 14. Additionally, the letter ordered Mr. Martin to notify the Court of his decision within sixty days and noted that his failure to do so may result in dismissal of his case.

On July 26, 2024, Defendant United Fire and Indemnity Company filed the instant motion for involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b). R. Doc. 20. United

Fire argues that Mr. Martin has failed to respond or appear in the suit within sixty days, as required by Chief Judge Brown's letter. R. Doc. 20. Moreover, it attaches the affidavit of its employee, senior fields adjustor Michael Collette, who maintains that he spoke to Mr. Martin by telephone on July 26, 2023. R. Doc. 20-2. Mr. Collette represents that Mr. Martin "verbally confirmed that he did not authorize the filing of the instant lawsuit, he did not intend to retain new counsel following the disbarment of McClenny Mosely & Associates, and that he did not wish to pursue this action." *Id.* Further, Plaintiff alleges that he followed up with Mr. Martin by sending him an email on September 18, 2023, but received no response from Mr. Martin. *Id.*

## II.     APPLICABLE LAW AND ANALYSIS

Rule 41(b) allows district courts to dismiss an action upon the motion of a defendant or its own motion, for failure to prosecute. *Morris v. Ocean Systems,* 730 F.2d 248, 251 (5th Cir. 1984); *Rogers v. Kroger Co.,* 669 F.2d 317, 319-20 (5th Cir. 1982). This authority is based on the power of district courts "to manage their own affairs so as to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962). Further, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint." *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995).

Here, Mr. Martin has not filed anything in the case, nor taken any action at all, in the sixteen months since his MMA counsel withdrew. He never responded to this Court's June 30, 2023 letter, which instructed him to take action within sixty days. And, United Fire's employee has sworn out an affidavit attesting that Mr. Martin advised that he did not intend to pursue his claim. R. Doc. 20-2. Accordingly, the Court finds that dismissal of his complaint without prejudice is warranted.

### III.    CONCLUSION

Accordingly, United Fire & Indemnity Company's Motion to Dismiss for Failure to Prosecute, R. Doc. 20, is **GRANTED**. Charles Martin's claims are hereby **DISMISSED** against United Fire & Indemnity Company without prejudice.

New Orleans, Louisiana this 2nd day of August, 2024.

UNITED STATES DISTRICT JUDGE